Stephanie R. Tatar (237792)
**TATAR LAW FIRM, A.P.C.**
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
*Stephanie@TheTatarLawFirm.com*

*Attorney for Plaintiff Dawan Brown*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWAN BROWN<br><br>Plaintiff,<br><br>v.<br><br>SWC GROUP, LP<br><br>Defendant. | Case No. **'18CV2031 DMS AGS**<br><br>**COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.
### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code § 1788 et seq. ("RFDCPA"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

1

COMPLAINT AND JURY DEMAND

## II.
### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.
### PARTIES

4. Plaintiff Dawan Brown is an adult individual residing in Oceanside, California 92058.

5. Defendant SWC Group, LP (hereafter "SWC") is a business entity with its principal office located at 4120 International Parkway, Suite 1100, Carrollton, Texas 75007. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.
### FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt and attempted to collect said debt from Plaintiff (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all pertinent times hereto, Plaintiff did not owe the alleged debt to the Defendant.

9. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone on multiple occasions.

10. Throughout the month of April 2018 through the present, Defendant's representatives placed repeated harassing debt collection calls to Plaintiff's cellular telephone, from numbers including, but not limited to (760) 957-0041, (760) 957-0107, and (760) 957-0067.

11. Notwithstanding the above, on or about April 2018, Plaintiff requested that Defendant's representatives refrain from contacting him on his cellular phone.

12. Notwithstanding the above, Defendant contacted Plaintiff on Plaintiff's cellular phone multiple times from April 2018 through the present.

13. Defendant acted in a false, deceptive, misleading and unfair manner by contacting a non-debtor on more than one occasion.

14. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt.

15. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect a debt.

17. Defendant knew or should have known that its actions violated the FDCPA, TCPA and the RFDCPA. Additionally, Defendant could have taken the steps necessary to bring its agents' actions within compliance of these statutes but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## V.

## **COUNT 1 – VIOLATIONS OF THE FDCPA**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA..

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692d, 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

   (a) Communicating with a non-debtor on more than one occasion;

   (b) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (c) The false representation of the amount, character or legal status of a debt;

   (d) Using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and

   (e) Using unfair or unconscionable means to collect or attempt to collect any debt.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI.
## COUNT II – VIOLATIONS OF THE TCPA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

30. Defendant initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

32. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## VII.
## COUNT II – VIOLATIONS OF THE RFDCPA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. SWC is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) of the RFDCPA.

35. Plaintiff is a "debtor" and a "person" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

36. The above referenced CCS account is a "consumer debt" resulting from "consumer credit transactions" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

37. SWC violated Cal. Civ. Code § 1788.17 of the RFDCPA by violating the FDCPA, including but not limited to 15 U.S.C. §§1692b(3), 1692d, 1692e(2)(A), 1692e(10), and 1692f,.

38. SWC's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies that he does not owe.

39. As a result of the above violations of the RFDCPA, SWC is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

COMPLAINT AND JURY DEMAND

# VIII.

## JURY TRIAL DEMAND

40. Plaintiff demands trial by jury on all issues so triable.

# IX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Dated:  August 24, 2018                    Respectfully submitted,

_____
Stephanie R. Tatar
The Tatar Law Firm, A.P.C.
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695